# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

**TONY D. WALKER**,
        **Plaintiff,**
   **v.**                                   **Case No. 18-C-357**

**STATE OF WISCONSIN, et al.,**
        **Defendants.**
_____

## ORDER

Plaintiff Tony D. Walker filed a complaint under 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights. Docket No. 1. Plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. Docket No. 2. Before deciding plaintiff's motion, I will require him to file an amended complaint.

The Prison Litigation Reform Act (PLRA) applies to this action because plaintiff was incarcerated when he filed his complaint. 28 U.S.C. § 1915. That law allows me to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the civil case filing fee, as long as he meets certain conditions. However, if a prisoner files more than three actions or appeals that are dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, he will be prohibited from bringing an action without prepaying the full filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). This is commonly known as the "three-strikes" provision, because a prisoner is said to have struck out once he has accrued three dismissals under this rule.

Here, plaintiff has three-strikes for having filed a combination of four actions and appeals that were dismissed as frivolous or malicious or for failure to state a claim upon

which relief can be granted. *See Walker v. Dept. of Corr., et al.*, Case No. 96-cv-753 (W.D. Wis.); *Walker v. Hamblin*, Case No. 13-2796 (7th Cir.) (two strikes); *Walker v. Wall*, Case No. 13-cv-3 (E.D. Wis.). Thus, plaintiff will be required under the PLRA to prepay the entire $400 filing fee before he may proceed with his case, unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Plaintiff's complaint in its current state, however, has made it difficult to discern whether he has stated a claim that meets this requirement. Under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he only has to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

There is a reason that the rule specifies a "short and plain" statement. "[L]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Ladamovas v. Stevens*, 706 F. 3d 843, 844 (7th Cir. 2013) (quoting *U.S. ex rel. Garst,* 328 F.3d 374, 378 (7th Cir. 2003)).

In this case, plaintiff's complaint consists of 64 handwritten pages of over 300 paragraphs of factual and legal assertions, not to mention the over 60 varying requests for relief. Docket. No. 1. As the Seventh Circuit indicated in *Ladamovas*, if plaintiff has included factual allegations that have merit, they are buried in pages and pages of conclusions, allegations, and excessive and unnecessary detail.

Moreover, not only is the complaint long and wordy, but it appears to contain allegations of different kinds of injuries allegedly committed by different groups of

defendants over the span of approximately thirteen years. Plaintiff appears to allege that three correctional institutions, the health services units of those institutions, at least 51 individual defendants (not including the John and Jane Does), and even the Wisconsin Department of Corrections as a whole failed in some way to adequately address his chronic illnesses. For example, he complains about the height of a commode at one institution, the inadequate treatment provided him by several nurses regarding shoes at another institution, and the failure of several other nurses at another institution in not putting his name on the list for chronic conditions.

Fed. R. Civ. P. 18(a) allows a plaintiff to "put in one complaint every claim of any kind against a single defendant," but a plaintiff may "present claim #1 against Defendant A, and claim #2 against Defendant B, only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.' Rule 20(a)(2)(A)." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). In other words, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Id.* (citing *George v. Smith*, 507 F.3d 605 (7th Cir. 2007)).

Plaintiff appears to have done what the Seventh Circuit, and Rules 18 and 20 of the Federal Rules of Civil Procedure, state that he cannot do. He sues approximately 81 different entities and individuals, trying to state claims that arise out of different circumstances and events. While I understand that plaintiff may have come into contact with all of the defendants as a result of his incarceration, that is not a sufficient basis for the court to conclude that his claims are all related or that there are questions of law and fact common to all of the defendants.

Before this case goes any further, the court will require plaintiff to file an amended complaint, by **April 13, 2018**, that complies with Fed. R. Civ. P. 8, 18 and 20. The amended complaint must provide a "simple, concise, and direct" statement of his claims. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). Plaintiff does not need to include every detail giving rise to his claim(s); he has to provide only enough facts that will allow me to reasonably infer that defendants did what plaintiff alleges they did. Plaintiff must be careful to choose from among his many claims only those claims that are related to one another and that arise out of the same underlying circumstances or events.

As plaintiff considers which claims to include in his amended complaint, he should remember that "[p]ublic officials do not have a free-floating obligation to put things to rights." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). This is because "public employees are responsible for their own misdeeds but not for anyone else's." *Id.* Denying a prisoner's complaint or agreeing with another employee's recommendation on an inmate complaint does not itself violate a prisoner's constitutional rights, nor does it make a person liable for the alleged misconduct of another person. *See id.* In other words, plaintiff should name as defendants only those individuals who were personally involved in or responsible for the alleged constitutional violation.

I am enclosing with this order a guide for *pro se* prisoners that explains how to file a complaint that I can effectively screen. I will also include a copy of the guide entitled, "Answers to Prisoner Litigants' Common Questions" and a blank prisoner complaint form that plaintiff is required to use to file his amended complaint. *See* Civil L. R. 9 (E.D. Wis.). If, after crafting his allegations in clear, concise, "who, what, when,

4

where, why" language, plaintiff believes he needs more space than is provided in the form complaint, he may attach a maximum of three handwritten pages or five typed, double-spaced pages. If plaintiff believes he needs more space to concisely state his claim, he must first explain to the court why he needs the additional space and specify how much additional space he will require.

## CONCLUSION

**IT IS THEREFORE ORDERED** that, on or before **April 13, 2018**, plaintiff must file an amended complaint that complies with the instructions in this decision.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, plaintiff must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court.[1] If plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

I advise plaintiff that, if he fails to make a timely submission, I may dismiss this case based on his failure to prosecute. In addition, the parties must notify the Clerk of

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 19th day of March, 2018.

s/Lynn Adelman
LYNN ADELMAN
United States District Judge